JONES and Others *v.* DOE, on the Demise of the TRUSTEES OF THE LITTLE BLUE RIVER REGULAR BAPTIST CHURCH.

Where the introduction of improper testimony and objectionable witnesses are the errors assigned, the record must disclose what the witnesses stated, and the testimony objected to, or this Court will not interfere with the judgment below.

ERROR to the *Rush* Circuit Court.

SMITH J.—The defendants in error brought an action of ejectment in the *Rush* Circuit Court, against the plaintiffs in error, to recover possession of certain premises, with the buildings and appurtenances. Both parties to the suit claimed to be the duly elected trustees of *The Little Blue River Regular Baptist Church,* and, as such, to have a right to the possession of the property in controversy. There was a trial by jury, upon the plea of the general issue, which resulted in a verdict and judgment for the plaintiffs below, now the defendants in error.

May Term,
1848.

JONES
v.
DOE.

It appears, by a bill of exceptions, that, " during the progress of the trial, the plaintiffs below, for the purpose of proving that they were the true trustees of the church, produced and examined one *Thomas Smith*, to prove that a motion was made at a meeting of said church, on the 13th of *September*, 1845, to sustain the course pursued by said *Thomas*, and to withdraw the hands of fellowship from *William Jones* and *William Baker*, two members of said church, on account of their conduct at the *White Water Association*, in *August*, 1845, and on account of their difference of opinion in the construction of the articles of faith adopted by said church: and after the witness had stated that said articles were included in said motion, and the plaintiffs had closed their testimony, the defendants introduced and examined several witnesses to prove that the articles of faith of said church, or any difference touching them, was not included in said motion, and that no vote was taken by the meeting on them: and after the defendants had closed all their testimony, the plaintiffs produced witnesses to prove that the articles of faith were included in said motion, to the introduction of which witnesses and their testimony, the defendants objected on the ground that such testimony was original and not rebutting, but the Court overruled the objection, and permitted the witnesses to be examined."

It also appears, that, " on the original examination of the witnesses, the plaintiffs proved that *Dr. Gill*, the author of certain commentaries on the scriptures, was a *Baptist*, and an author in good repute among regular *Baptists*, and that his said commentaries were regarded among *Baptists* as good authority in reference to the doctrines and principles of regular *Baptists;* whereupon the defendants' counsel gave notice that they would object to the reading of any part of said writings, as evidence or in argument, unless they were furnished with proper references thereto before they commenced their evidence, which references were not furnished: and after the evidence was closed, and during the adjournment of the Court, the defendants' counsel again gave notice to the

plaintiffs' counsel, that they would object to the reading of any of said extracts to the jury in argument or otherwise; that afterwards, and in the opening argument of the cause, one of the plaintiffs' counsel read in argument to the jury, in the absence of one of the defendants' counsel, who had given notice of his objection aforesaid, certain extracts from the writings of said *Gill*, without objection being made at the time; and after the argument of the cause was closed, the defendants, at the proper time, asked the Court to instruct the jury, that the plaintiffs had no right to read from Dr. *Gill's* commentaries any extracts, and that the jury should reject from their consideration the extracts so read; which charge the Court refused to give, but charged the jury that the plaintiffs had the right to read said extracts in argument."

These are the only alleged errors of which the plaintiffs in this Court complain. With regard to the first ruling of the Court, above quoted from the bill of exceptions, considerable discretionary power is necessarily left with the Court presiding at the trial, to regulate and control the examination of witnesses, and an appellate Court will not interfere with the exercise of such discretion, unless some rule of law has been palpably violated, to the injury of the party complaining. The record, in this case, does not disclose what was stated by the witnesses objected to, and it is therefore impossible for this Court to determine what was the nature of the testimony given by them, or what influence it could have had upon the jury, if any.

The same remarks are applicable to the charge of the Court which is objected to. The extracts from the writings of Dr. *Gill*, which were read to the jury, are not set out in the record, and we have no information as to their contents, or what effect they could have had on the decision of the jury, but such as may be inferred from an admission of the counsel for the defendants in error that they were relevant to the matters in issue. It is said they were not legal evidence and, therefore, the Court should not have permitted them to be read. But it appears they

were not read as evidence. The instruction of the Court is, that the plaintiff had a right to read them in argument. It would, no doubt, be improper to permit matters which are objectionable as evidence to be introduced as evidence in that way. That is, if the extracts referred to contained the opinions or expositions of learned or scientific witnesses upon a point in issue, and such extracts were inadmissible when offered as evidence during the introduction of testimony by the parties, the Court should not have permitted them to be read at any time. But, if the extracts were merely argumentative and contained no opinions or expositions which could be regarded as properly matters of evidence, we cannot perceive any valid objection to their being read or adopted as argument, subject, of course, to the instructions of the Court as to the law of the case. At a previous stage of the trial, the plaintiff had proved that the work from which these extracts were read, was regarded as good authority in reference to the doctrines and principles of regular *Baptists;* but it does not necessarily follow that all extracts which might have been read from the book contained expositions of such doctrines or principles. We think, therefore, that the question whether the opinions and expositions of the authors of such works, should be admitted as testimony in this way, when it becomes necessary to investigate the doctrines and principles treated of by them, does not properly arise. Taking either view of this question, the instruction complained of may have been unobjectionable, and we should not be authorized to determine, from the state of facts shown by the record, that it was otherwise.

*Per Curiam.*—The judgment is affirmed with costs, &c.

*J. Perry, G. B. Tingley,* and *R. M. Cooper,* for the appellants.

*S. W. Parker* and *P. A. Hackleman,* for the appellees.